Frederick D. Friedman
ffriedman@JonesDay.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:    +1.213.489.3939
Facsimile:    +1.213.243.2539

Attorneys for Plaintiffs
MINNESOTA INDEPENDENT COOPERATIVE and
FMC DISTRIBUTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINNESOTA INDEPENDENT COOPERATIVE, a Minnesota corporation, and FMC DISTRIBUTORS, INC., a Puerto Rico corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No. 3:15-cv-1812**<br><br>**COMPLAINT FOR RETURN OF PROPERTY (F.R.CR.P. 41(G))** |

Plaintiffs MINNESOTA INDEPENDENT COOPERATIVE and FMC DISTRIBUTORS, INC. (collectively, "Plaintiffs") bring this complaint against the above-named defendants and allege as follows:

LAI-383236155v1

- 1 -

COMPLAINT FOR RETURN
OF PROPERTY (F.R.Cr.P. 41(g))

## JURISDICTION AND VENUE

1. This action is brought under the Fourth and Fifth Amendments to the United States Constitution and Rule 41(g), Federal Rules of Criminal Procedure.

2. This Court has jurisdiction over this action under 28 U.S.C. sections 1331, 1346(b), and 1355(a), (b)(1)(A). Venue lies in this district under 28 U.S.C. section 1391(b)(2), 18 U.S.C. section 981(b)(3) and Rule 41(g), Federal Rules of Criminal Procedure.

## PARTIES

3. Plaintiff MINNESOTA INDEPENDENT COOPERATIVE ("MIC") is a Minnesota corporation headquartered in Eagan, MN. MIC is duly licensed in Minnesota as a wholesaler of prescription medications.

4. Plaintiff FMC DISTRIBUTORS, INC. ("FMC") is a Puerto Rico corporation headquartered in Ponce, Puerto Rico. FMC is duly licensed in Puerto Rico as a wholesaler of prescription medications.

5. Defendant is the UNITED STATES OF AMERICA.

6. The true names and capacities of all defendants are currently unknown to Plaintiffs, who sue said defendants by fictitious names as DOES 1 through 10. When the true names and capacities of these fictitiously-named defendants are discovered, Plaintiffs will seek leave to amend this Complaint accordingly.

7. At all times herein mentioned, defendants and each of them were acting as the employees, agents, representatives and officers of defendant UNITED STATES OF AMERICA and within the course and scope of such employment and agency.

8. Plaintiffs allege that each defendant is responsible in some manner for the damage or harm alleged herein.

## GENERAL ALLEGATIONS

9. On information and belief, Plaintiffs allege that, in February 2015, a United States Magistrate Judge in the Northern District of California issued a seizure warrant or warrants for funds on deposit in MIC account no. ****3550 at Associated Bank in Minnesota and MIC account no. ****0342 at Merchants Bank in Minnesota. Pursuant to this warrant or these

warrants, the following funds were seized on the following days by agents of the Department of Justice and/or the United States Treasury: Associated Bank--$1,924,579.24 (February 26, 2015) and $2,000 (March 5, 2015); Merchants Bank--$340,376.39 (February 20, 2015).

10. Since that time, defendants and each of them have refused to (a) release and return any of the seized funds; (b) provide the seizure warrant affidavits to MIC's counsel; or (c) disclose the factual or statutory basis for the seizures.

11. On information and belief, the government has not initiated administrative or judicial forfeiture proceedings against any of MIC's seized funds.

12. The seizures of MIC's funds have severely hampered MIC's ability to do business.

13. On information and belief, Plaintiffs allege that, in February 2015, a United States Magistrate Judge in the Northern District of California issued a seizure warrant for funds on deposit in FMC account no. ****2983 at Santander Bank in Puerto Rico. Pursuant to this warrant, the following funds were seized on the following day by agents of the Department of Justice and/or the United States Treasury: Santander Bank--$451,741.61 (March 5, 2015).

14. Since that time, defendants and each of them have refused to (a) release and return any of the seized funds; (b) provide the seizure warrant affidavits to FMC's counsel; or (c) disclose the factual or statutory basis for the seizures.

15. On information and belief, the government has not initiated administrative or judicial forfeiture proceedings against any of FMC's seized funds.

16. The seizure of FMC's funds has severely hampered FMC's ability to do business.

17. Based on information obtained from the public record, Plaintiffs are informed and believe and thereon allege that the government suspects that MIC and FMC are engaged in what the government refers to as "the unlawful distribution of diverted prescription drugs," which the government sometimes charges as a violation of the mail and wire fraud statutes (18 U.S.C. sections 1341 and 1343). MIC and FMC are licensed wholesalers of pharmaceuticals and do not believe that there is any probable cause for the seizures of funds from their accounts. Plaintiffs deny that they have engaged in any unlawful conduct in their business activities.

18. Because of defendants' unlawful seizure of the subject account funds without probable cause and defendants' unlawful retention of such funds, without notice and without the initiation of forfeiture proceedings, Plaintiffs have suffered damages, including the ability to do business as licensed wholesalers.

19. In addition to loss of the use of the funds, Plaintiffs have been damaged by incurring the attorney's fees and costs required to bring this action and their forthcoming motion for expedited relief to secure the return of its funds.

### CLAIM FOR RELIEF

Plaintiffs incorporate each allegation in paragraphs 1 through 19 as if fully set forth herein.

20. This Court has jurisdiction, and under these circumstances, the *duty* to hear Plaintiffs' civil equitable proceeding brought under Rule 41(g), Federal Rules of Criminal Procedure, for the return of Plaintiffs' account funds where, as here:

    a. Plaintiffs' property was seized without probable cause under the Fourth Amendment and is being illegally retained without an opportunity to be heard at a meaningful time under the Due Process Clause of the Fifth Amendment;

    b. There is no criminal action *in esse* pending in a United States District Court against either MIC or FMC;

    c. Plaintiffs, through counsel, have repeatedly asserted their interest in their seized account funds; and

    d. Plaintiffs are irreparably harmed whenever, as here, the government seizes all of a company's working capital and holds it for an unreasonable length of time without bringing charges, and without evidence to justify its continued withholding and without an indication as to when, if ever, charges will be filed.

1      21.     Plaintiffs have no remedy at law and, *a fortiori,* no *adequate* remedy at law.

2      22.     Plaintiffs are aggrieved by the unlawful seizure of their account funds and by the continuing deprivation of their operating capital which they are legally entitled to own, possess and use to operate their legitimate, business as wholesale distributors of prescription medications.

3      23.     The continuing illegal retention of Plaintiffs' account funds is working a *de facto* forfeiture or destruction of the legitimate business of each of MIC and FMC without legal authority and is denying Plaintiffs their right to the return of their property without due process of law under the Fifth Amendment.

4      24.     Based on the aforementioned multiple violations of Plaintiffs' federal constitutional rights under the Fourth and Fifth Amendments, and Rule 41(g), Federal Rules of Criminal Procedure, this Court should order the defendants to return all of Plaintiffs' account funds together with all accrued interest and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     For the return of each Plaintiffs' account funds, together with interest;

2.     For attorney's fees, costs and expenses incurred in this action as provided by the Equal Access to Justice Act; and

3.     For such other and further relief as the Court deems proper.

Dated:  April 22, 2015                        Respectfully submitted,


                                              By: /s/ Frederick D. Friedman
                                                      Frederick D. Friedman

                                              Attorneys for Plaintiffs
                                              MINNESOTA INDEPENDENT
                                              COOPERATIVE and FMC
                                              DISTRIBUTORS, INC.